ALBERT BLOOD *vs.* HOWARD FIRE INSURANCE COMPANY.

A statement in an application for fire insurance, that the building is fastened up and occupied only occasionally for a particular purpose, if it be made a warranty by the terms of the policy, is only a warranty of the then existing situation, and is not a warranty that it shall so continue during the whole term of the risk; and a change in the occupation, not increasing the risk, will not of itself avoid the policy.

THIS was an action on a policy of insurance against loss by fire, by the terms of which the application was "made part of the policy and warranty on the part of the insured.' The third question to the plaintiff in the application was, "Of what materials is the building constructed, how high is it, and for what purpose occupied?" which was answered as follows: "Of wood; two stories high, 60 by 40 feet; formerly used as a machine-shop, all of which business is now stopped, and shop fastened up, and only used for the purpose of the meeting of the band during two evenings of the week, on second floor." The policy also contained a clause that, "if the situation or circumstances affecting the risk shall be altered or changed, by the agency of the insured, so as to increase the risk, the policy shall be null and void, unless confirmed by the company." At the trial in this court, before *Fletcher*, J., the defendants offered to show that the building had been used for other purposes during the continuance of the risk, than that specified in the application, but did not attempt to show that, at the time of issuing the policy, the representation was not correct; and they contended that,

whether such change of occupation did or did not increase the risk, it was a breach of the warranty, and therefore annulled the policy; but the presiding judge ruled that the warranty applied only to the existing state of things at the time it was made, and submitted this question to the whole court, with leave to enter such judgment as to other points raised in the case, not necessary to be reported, as justice should require.

*O. P. Lord,* for the plaintiff, cited *Hide* v. *Bruce,* 3 Doug. 213; *O'Niel* v. *Buffalo Fire Ins. Co.* 3 Comst. 122.

*S. H. Phillips,* for the defendants, cited *Glendale Manufacturing Co.* v. *Protection Ins. Co.* 21 Conn. 19; *Jennings* v. *Chenango County Mutual Ins. Co.* 2 Denio, 78; *Clarke* v. *Manufacturers' Ins. Co.* 2 Wood. & Min. 472.

BIGELOW, J. It is often quite difficult to determine whether a stipulation in a policy of insurance is simply descriptive and affirmative, or whether it is executory, and relates to the future use and condition of the property insured. But in the present case, we think it clear that the answer of the assured to the third interrogatory in the application for insurance was confined solely to a description of the building, and the purpose to which it was appropriated at the time the policy was entered into. Such is the proper and literal construction of the terms of the question and answer; both of them pointing only to the condition of the property at the time of making the contract, and not to its future use or occupation. A warranty will in no case be extended by construction. It cannot include anything not fairly within its terms. It is quite true that, in many cases, stipulations in form only affirmative have been held to be in fact promissory. But in these cases, the nature of the property insured, and the subject-matter of the warranty, rendered such a construction of the contract necessary to carry out the plain intent of the parties. For like reasons, we think it entirely clear that there was no design by either party to the contract in the present case, to make this answer an executory stipulation. It would be unreasonable, if not absurd, to suppose that the owner of the building intended the larger portion of it should remain fastened up

40 *

and unoccupied during the entire term covered by the policy or that the defendants assumed the risk under a belief that such was the stipulation on the part of the assured. The natural and reasonable inference was that some beneficial use was intended to be made of the whole premises, and it would require very clear and explicit language to rebut such an implication.

But a more decisive and satisfactory indication of the intent of the parties to limit this warranty to a description of the property as it was at the inception of the contract, and not to extend it to the mode of its future use and occupation, is found in the fact that there was an express agreement by which the defendants protected themselves against any increase of risk in consequence of a change " in the situation or circumstances " of the property. This leaves no room for doubt that the sole object of the warranty in question was to ascertain the precise nature and condition of the property at the time the risk was proposed to the defendants in the application of the plaintiff, and enable them to judge of its extent and character, and the rate of premium at which they would insure it. But it is clear that they did not rely upon it as an executory stipulation, by which the plaintiff was to be bound after the contract was entered into. To guard against any increase of risk which might arise from any change in the structure or use of the property, they relied upon a special agreement, designed for that purpose only. If they relied on the warranty, such an agreement was superfluous and useless. In order, therefore, to give effect to both clauses in the contract, it is necessary to construe the warranty as being affirmative only, and not intended to apply to the future condition of the property. *Billings* v. *Tolland County Mutual Fire Ins. Co.* 20 Conn. 139; *O'Niel* v. *Buffalo Fire Ins. Co.* 3 Comst. 122

This being the only question submitted to us by the counsel, it will be necessary to send the case to a new trial.

*New trial granted.*